John M. DICKSON, Jr., Plaintiff–
Appellant,

v.

FEDERAL BUREAU OF INVESTIGA-
TION NEWPORT NEWS FIELD
OFFICE, John/Jane Doe(s) Supervi-
sor Technical Agent(s), Acting as a
person(s) and member(s) of a crimi-
nal enterprise Under Racketeer In-
fluenced and Corrupt Organizations
Act (Rico); Federal Bureau of In-
vestigation Newport News Field Of-
fice, John/Jane Doe(s) Technical
Agent(s), Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (Rico);
Federal Bureau of Investigation
Newport News Field Office, John/
Jane Doe(s) Supervisor Field
Agent(s), Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (Rico);
Federal Bureau of Investigation
Newport News Field Office, John/
Jane Doe(s) Field Agent(s), Acting
as a person(s) and member(s) of a
criminal enterprise Under Racketeer
Influenced and Corrupt Organiza-
tions Act (Rico); Federal Bureau of
Investigation Newport News Field
Office, John/Jane Doe(s) Technical
Agent(s), Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (Rico);
United States Marshals Service,
John Doe(s), Acting as a person(s)
and member(s) of a criminal enter-
prise Under Racketeer Influenced
and Corrupt Organizations Act
(Rico); City of Hampton Virginia,
Acting as a person(s) and member(s)
of a criminal enterprise Under
Racketeer Influenced and Corrupt
Organizations Act (Rico); City of
Hampton Virginia Police Depart-
ment, Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (RICO);
Former City of Hampton Police
Chief Charles Jordan, Acting as a
person(s) and member(s) of a crimi-
nal enterprise Under Racketeer In-
fluenced and Corrupt Organizations
Act (Rico); City of Hampton Police
Officers John/Jane Doe(s), Acting as
a person(s) and member(s) of a
criminal enterprise Under Racketeer
Influenced and Corrupt Organiza-
tions Act (Rico); City of Hampton
Fire Department Fire Chief James
A. Gray, Jr., Acting as a person(s)
and member(s) of a criminal enter-
prise Under Racketeer Influenced
and Corrupt Organizations Act
(Rico); City of Hampton Fireman
John/Jane Doe(s), Acting as a per-
son(s) and member(s) of a criminal
enterprise Under Racketeer Influ-
enced and Corrupt Organizations
Act (Rico); City of Newport News
Virginia, Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (Rico);
City of Newport News Virginia Po-
lice Department, Acting as a per-
son(s) and member(s) of a criminal
enterprise Under Racketeer Influ-
enced and Corrupt Organizations
Act (RICO); Former City of New-
port News Police Chief James D.
Fox, Acting as a person(s) and
member(s) of a criminal enterprise
Under Racketeer Influenced and
Corrupt Organizations Act (Rico);
City of Newport News Police Offi-
cers John/Jane Doe(s), Acting as a

person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Public Defender of the City of Hampton Christina O'Brien, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Attorney Robert G. Saunders, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Attorney Michael A. Hyman, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Attorney Elizabeth Vinson, PLC, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Doctor Richard G. Griffin, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Doctor Sayeed Ashan, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Doctor Hasmukh Vyas, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Doctor Michael. L. Kohn, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Diane Sawyer of the American Broadcasting Company, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Robin Roberts of the American Broadcasting Company, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Jacob Paul Tapper of CNN Washington D.C. Studios, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); New York Police Department Midtown North Precinct, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Technical Police Officers John/Jane Doe(s) New York Police Department, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Social Worker, Mr. Michael Frazier, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico); Ms. Najeah Easmell, Acting as a person(s) and member(s) of a criminal enterprise Under Racketeer Influenced and Corrupt Organizations Act (Rico), Defendants–Appellees.

No. 15–2168.

United States Court of Appeals, Fourth Circuit.

Submitted: Dec. 15, 2015.

Decided: Dec. 17, 2015.

John M. Dickson, Jr., Appellant Pro Se.

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John M. Dickson, Jr., appeals the district court's order dismissing his civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012) for failure to state a claim upon which relief may be granted. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Dickson v. Fed. Bureau of Investigation,* No. 4:15–cv–00092–AWA–DEM (E.D.Va. filed Sept. 10, 2015; entered Sept. 11, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*